UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **BOBBIE ANDERSON** | **CIV. ACTION NO. 3:24-00528** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **WAL-MART LOUISIANA, L. L. C., ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to remand [doc. # 8] filed by Plaintiff Bobbie Anderson. The motion is opposed. For reasons set forth below, IT IS RECOMMENDED that the motion to remand be DENIED.

## Background

Bobbie Anderson ("Anderson") filed the instant suit for damages on June 20, 2023, against Wal-Mart, Inc. and Wal-Mart Louisiana, L.L.C. (referred to in the petition as, "Walmart, Inc." and "Walmart Louisiana, L.L.C.") (collectively, "Wal-Mart"), in the Fifth Judicial District Court for the Parish of West Carroll, State of Louisiana. (Petition). Anderson seeks damages for injuries that she sustained on January 31, 2023, after she "tripped over a rug that was sticking up and a tripping hazard near the [entrance] door," of the Oak Grove, Louisiana Wal-Mart store. *Id.*, ¶ 2. Her itemized damages include past, present, and future: physical pain and suffering, mental anguish and worry, plus medical expenses. *Id.*, ¶ 4.

Anderson served Wal-Mart on June 30, 2023, and Wal-Mart timely filed its answer on July 10, 2023. (Notice of Removal, ¶¶ 1-2). On August 3, 2023, Anderson responded to various discovery requests from Walmart wherein she detailed approximately $6,500 in medical bills related to the subject accident. (Ans. to Interrogatories; M/Remand, Exh. A. [doc. # 8-3]).

At least two interrogatories inquired about Anderson's lost wages and income, to which she responded, "N/A." *Id*. When asked to describe her injuries sustained as a result of the accident, Anderson stated obliquely that she "received injuries to back and knee." *Id*. The discovery requests also asked Anderson to quantify her special damages, but she demurred, objecting that the question called for "speculation, mental impressions, attorney client communications, and attorney work product." *Id*.

Wal-Mart took Anderson's deposition on December 28, 2023, where she described pain in her groin that went around to her back. (Anderson Depo., pg. 17; M/Remand, Exh. B [doc. # 8-4]). Anderson also underwent an MRI of her spine and hip, but she did not recall the results. *Id*., pg. 18. Dr. Abraham referred Anderson to Drs. Sin and Ledbetter. *Id*., pgs. 18-19. Dr. Sin told Anderson that she could undergo surgery for her back pain, but Anderson did not want to do that. *Id*.

Dr. Ledbetter has seen Anderson on four to five occasions for pain care, which included "burn[ing] the right side of the nerves in [her] back . . ." *Id*., pgs. 20-21. He also was supposed to burn the left side. *Id*. It was anticipated that the procedure would help her for up to one and one-half years before she would need to do something else, like undergo surgery. *Id*., pg. 22. Anderson's right hand and neck pain resolved in about one week. *Id*., pgs. 22, 25. She confirmed that she was not making a claim for lost wages, despite having been off of work for approximately two months after the accident. *Id*., pgs. 30-31. As a result of the accident, Anderson no longer can lift anything heavy and cannot work as fast as previously. *Id*. She also no longer is able to "rough house" with her grandchildren. *Id*., pg. 33.

On April 1, 2024, Wal-Mart received a settlement demand letter from Anderson's

attorney recommending "$139,500 inclusive as a full and final settlement in this matter." (Notice of Removal, ¶ 10; Settl. Offer; Def. Opp. Brief, Exh. 4 [doc. # 10-4]). On April 22, 2024, Wal-Mart promptly removed the case to federal court, on the basis of diversity jurisdiction, 28 U.S.C. § 1332. (Notice of Removal).

On April 30, 2024, Anderson filed the instant motion to remand the case to state court because Walmart did not timely remove the case to federal court within thirty (30) days of receipt of the initial pleading or within thirty (30) days of receipt of Anderson's discovery responses and deposition, i.e., "other paper," from which it could have been ascertained that the case was removable.

Walmart filed its opposition brief on May 22, 2024. (Def. Opp. Memo. [doc. # 10]). Anderson filed a reply brief on May 28, 2024. (Pl. Reply [doc. # 11]). Accordingly, the matter is ripe.

## Law and Analysis

A defendant may remove an action from state court to federal court, provided the action is one in which the federal court may exercise original jurisdiction. *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing 28 U.S.C. § 1441(a)). The removing defendant bears the burden of establishing federal subject matter jurisdiction and ensuring compliance with the procedural requirements of removal. *Id*. Because federal courts are courts of limited jurisdiction, a suit is presumed to lie outside this limited jurisdiction unless and until the party invoking federal jurisdiction establishes to the contrary. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citation omitted).

To determine whether jurisdiction is present, courts consider "the claims in the state court

3

petition as they existed at the time of removal." *Manguno*, 276 F.3d at 723 (citing *Cavallini v. State Farm Mut. Auto. Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995)). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Id.* (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).

Wal-Mart invoked the court's subject matter jurisdiction via diversity, which requires complete diversity of citizenship between plaintiff and defendants, and an amount in controversy greater than $75,000. 28 U.S.C. § 1332(a). Anderson does not contest that the parties are completely diverse, and that the amount in controversy exceeds $75,000. Although the parties cannot confer federal subject matter jurisdiction via consent,[1] the record establishes that Anderson and Wal-Mart are completely diverse[2] and that the amount in controversy exceeded $75,000 at the time of removal. (April 1, 2024 Settl. Demand Letter; Def. Opp. Brief, Exh. 4 [doc. # 10-4]). Thus, the sole issue is whether Walmart complied with the procedural requirements of removal.

The removal process is fraught with procedural pitfalls for the unwary defendant including, but not limited to, the temporal filing limitations at issue here. Under the removal statute, a defendant must file a notice of removal: 1) within 30 days after the defendant receives, through service or otherwise, a copy of the initial pleading setting forth the claim for relief, or the summons, whichever period is shorter; or 2) if the case "stated by the initial pleading is not removable," within 30 days after defendant's receipt, "through service or

---

[1] *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702, 102 S.Ct. 2099, 2104 (1982).

[2] Anderson is a citizen of Louisiana, whereas the Wal-Mart entities ultimately are citizens of Arkansas. (Petition, Preamble and Notice of Removal, ¶¶ 2-5).

otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(1) & (3).[3]

To trigger § 1446(b)'s initial 30-day removal period, the initial pleading must include a "specific allegation that damages are in excess of the federal jurisdictional amount." *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992); *Mumphrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 400 (5th Cir. 2013).[4] Here, Anderson's original petition does not contain such an allegation; thus, the initial 30-day removal window was not triggered.

In *Bosky v. Kroger Texas, LP*, the Fifth Circuit endeavored to establish another "bright line" rule for purposes of § 1446(b)'s second 30-day removal period. *Bosky v. Kroger Texas,*

---

[3] On December 7, 2011, Congress amended 28 U.S.C. § 1446(b) pursuant to the Federal Courts Jurisdiction and Venue Clarification Act of 2011 (the "JVCA"). *See* Pub.L 112-63. Other than dividing the 30-day removal periods into separately numbered paragraphs, the JVCA's remaining changes do not undermine the Fifth Circuit decisions addressing the 30-day removal periods. *See* discussion, *infra*.

[4] "*Chapman* lays out a 'bright line rule requiring the plaintiff, if [s]he wishes the thirty-day time period to run from the defendant's receipt of the initial pleading, to place in the initial pleading a *specific allegation that damages are in excess of the federal jurisdictional amount*.'" (emphasis added). *Mumphrey, supra* (quoting *Chapman, supra*). As the Fifth Circuit explained,

> [t]he *Chapman* court had several practical ramifications in mind when it announced this standard. By rejecting a so-called due-diligence standard, it sought to promote efficiency by preventing courts from expending copious time determining what a defendant should have known or have been able to ascertain at the time of the initial pleading. Moreover, the *Chapman* court wanted to avoid encouraging defendants to remove cases prematurely for fear of accidentally letting the thirty-day window to federal court close when it is unclear that the initial pleading satisfies the amount in controversy.

*Mumphrey, supra* (internal citations omitted).

*LP*, 288 F.3d 208, 211 (5th Cir. 2002). The court explained that

> the information supporting removal in a copy of an amended pleading, motion, order or other paper must be "unequivocally clear and certain" to start the time limit running for a notice of removal under the second paragraph of section 1446(b).[5] This clearer threshold promotes judicial economy. It should reduce "protective" removals by defendants faced with an equivocal record. It should also discourage removals before their factual basis can be proven by a preponderance of the evidence through a simple and short statement of the facts. In short, a bright-line rule should create a fairer environment for plaintiffs and defendants.

*Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002) (footnote omitted).[6]

For at least the past decade, this court has interpreted *Bosky* as imposing a trigger for the second removal period that is at least as strict as that set forth in *Chapman*. *See Wells v. Toms*, Civ. Action No. 21-3787, 2022 WL 2425783, at *3 (W.D. La. Jan. 28, 2022), *R&R adopted,* 2022 WL 2427588 (W.D. La. Mar. 4, 2022) (citing *Smith v. Wal-Mart Louisiana, LLC*, Civ. Action No. 13-2368, 2013 WL 4781778, at *3 (W.D. La. Sept. 5, 2013)). In other words, the second 30-day removal limitation is not implicated unless the amended pleading, motion, order, or other paper[7] includes a specific allegation or damages estimate that the plaintiff's damages

---

[5] Now § 1446(b)(3).

[6] It is worthwhile to note that the "other paper[s]" that the *Bosky* defendants relied on to support removal were documents that revealed actual medical expenses in excess of $75,000. *Bosky v. Kroger*, Appellee Brief, 2001 WL 34127780. Even more telling is that more than 30 days before removal, the defendants obtained discovery from the plaintiff stating that the plaintiff would "not seek more than $500,000.00 for all of her damages and may seek less than this amount . . . " plus a written statement that the plaintiff's medical damages were around $50,000. *Id.* By finding removal timely, *Bosky* effectively held that the foregoing evidence was insufficient to commence the 30-day removal period. Rather, the 30-day removal clock was not triggered until defendant obtained written proof of actual damages that exceeded the jurisdictional minimum.

[7] Under the JVCA, "information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an 'other paper' under subsection

exceed the federal jurisdictional minimum. *See Smith,* 2013 WL 4781778, at *3.

Nevertheless, Anderson argues that Wal-Mart was required to remove the case no later than early February 2024, i.e., within 30 days after it received a copy of her deposition transcript in early January 2024. She reasons that, by that point, Wal-Mart had not only the information gleaned from her deposition, but also the damages allegations from the petition, plus her responses to written discovery. Wal-Mart needed only to review cases with similar damages allegations to determine that the amount in controversy was satisfied.

However, Anderson's discovery responses and deposition do not contain any specific allegation or damages estimate that her damages exceed the jurisdictional minimum. *See* discussion, *supra.* Therefore, those papers did not trigger the second 30-day removal period.

The Court stresses that removing defendants are not held to a due diligence standard. *Drago v. Sykes*, Civ. Action No. 13-563, 2013 WL 3804834 (E.D. La. July 19, 2013) (citing *Chapman*, *Mumphrey*, and *Bosky*). If a defendant has to analyze and dissect medical treatment records to divine whether the nature and cause of a plaintiff's injuries satisfy the amount in controversy requirement, then those papers do not make removal "unequivocally clear and certain" as *Bosky* contemplated. Likewise, if a defendant has to conduct independent research by consulting "quantum books," then the discovery responses are not sufficiently "unequivocally clear and certain" to trigger the 30-day removal period. *Cole ex rel. Ellis v. Knowledge Learning Corp.*, 416 F. App'x 437, 440 (5th Cir. 2011).

In her reply brief, Anderson protests that "[d]efendants cannot have it both ways." It is manifest, however, that Anderson is conflating distinct issues and inquiries. Whether a

---

(b)(3)." 28 U.S.C. § 1446(c)(3)(A).

defendant is able to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000 for the purpose of subject matter jurisdiction under 28 U.S.C. § 1332 is not coextensive with the Fifth Circuit's bright line rule and "unequivocally clear and certain" standard that it implemented to facilitate when the initial and subsequent 30-day removal periods are triggered under 28 U.S.C. § 1446(b)(1) and (3). An unintended consequence of *Bosky* is that a defendant may be able to establish by a preponderance of the evidence that the amount in controversy exceeds the requisite jurisdictional minimum, even though the pleadings and "other papers" do not suffice to trigger the § 1446(b) removal periods. *See Mumphrey*, 719 F.3d at 400, n.13.[8]

Anderson punctuates her confusion by citing to this Court's decision in *Richard v. Wal-Mart Louisiana, L.L.C.*, where the undersigned discussed cases that addressed whether it was facially apparent from the pleadings that the jurisdictional threshold was satisfied. *Richard v. Wal-Mart Louisiana LLC*, Civ. Action No. 23-0759, 2023 WL 6170354, at *3 (W.D. La. Sept. 6, 2023), *R&R adopted,* 2023 WL 6164016 (W.D. La. Sept. 21, 2023). In *Richard*, however, the issue was whether Wal-Mart had established by a preponderance of the evidence that the amount

---

[8] As another court explained,

> [a]lthough it may seem incongruous that a set of allegations "can satisfy the jurisdictional amount and permit a defendant to remove, yet not allow a plaintiff to use the same approach to establish that the jurisdictional threshold has been satisfied when such plaintiff desires to remand because the defendant has not timely removed," . . . the Fifth Circuit has squarely held that two different standards apply in those two different situations, and that that two lines of cases do not conflict with one another.

*Biggs v. Cajun Operating Co.*, Civ. Action No. 10-1847, 2011 WL 196096, at *3 (N.D. Tex. Jan. 19, 2011) (citing, *inter alia*, *Bosky,* 288 F.3d at 212).

in controversy exceeded $75,000 for the purpose of subject matter jurisdiction, not whether removal was timely under § 1446(b). *Id*. In fact, in *Richard*, Wal-Mart removed the case based on the allegations in the petition, even though the plaintiff had not included a specific allegation that his damages exceeded the requisite minimum for the exercise of diversity jurisdiction, as required under *Chapman*'s bright line rule. *Id*. Ultimately, Wal-Mart's hasty removal in *Richard* proved improvident because it was unable to establish that the amount in controversy exceeded $75,000, and the case was remanded. Thus, rather than support Anderson's argument, *Richard* exemplifies why a defendant should *not* prematurely remove a case before the *Chapman* or *Bosky* bright line rules for triggering the 30-day removal period have been met.[9]

In this case, Wal-Mart prudently waited to remove the case until after it received a paper that included a *specific damage estimate* in excess of the jurisdictional minimum and timely removed the case within 30 days thereafter.

## Conclusion

For the above-assigned reasons, the undersigned finds that the removal did not transgress § 1446(b)'s 30-day removal limits. 28 U.S.C. § 1446(b)(1) & (3). Accordingly,

IT IS RECOMMENDED that the motion to remand [doc. # 8] filed by Plaintiff Bobbie Anderson be DENIED.

---

[9] While Anderson decries a defendant's ability to remove a case months after discovery has commenced, a plaintiff is not at the mercy of the defendant's whim on the timing of removal. Louisiana law provides that a plaintiff may include in her petition or amended petition a statement that her damages exceed the requisite amount for the exercise of federal diversity jurisdiction. LA. CODE CIV. P. ART. 893. In addition, as Anderson did here, a plaintiff may send defendant a settlement demand letter that includes a specific figure in excess of $75,000. In short, it is the plaintiff who holds the key to the removal clock.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, on this 14th day of June, 2024.

_____
KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE